# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

__TERRY SCOTT HYDER__

*Defendant*

### ORDER OF DETENTION PENDING TRIAL

Case          1:10cr70

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -   that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ .*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in _____ .
  under 18 U.S.C. § 924(c).
- (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- X (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by     X  clear and convincing evidence  X  a preponderance of the evidence  that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____          _____
Date                    *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**UNITED STATES OF AMERICA,**

**Vs.**                                                                                   **ADDENDUM TO**
                                                                                          **DETENTION ORDER**

**TERRY SCOTT HYDER.**

_____

## I.   FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)**  the weight of the evidence against the person;

**(3)**  the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.                                              FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve allegations that the defendant committed wire fraud in violation of 18 USC § 1343.

**(g)(2):** The weight of the evidence against the person appears to be strong and compelling. The defendant participated in a scheme whereby he persuaded elderly persons to invest in what was described as a " family fund" of investments. The defendant met the investors in places such as churches and Alzheimer's support groups. The defendant took the funds invested by the victims and used them for his own pleasure and benefit. The defendant had previously participated in such a scheme in California. The defendant was convicted of mail fraud as a result of his activities in that scheme in September 2000. In that scheme defendant defrauded elderly persons and retirees of approximately $2,352,215.00. Defendant conducted his activities in the scheme for which he has presently been indicted during a period of time he was serving a term of supervised release as a result of his conviction in the Eastern District of California. In the present scheme, defendant has allegedly defrauded persons of approximately $775,000. When he was interviewed in July of 2010, defendant stated "the last time was with forethought and planning. This time it wasn't. The numbers will bear that out. I knew I would see you guys sooner or later."

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties. From the information contained in an affidavit in support of the criminal complaint, the scheme operated by the defendant, was conducted in association with activities of defendant's mother. Defendant has been employed as a musician in Orlando, FL. In regard to defendant's financial resources, defendant has reported he does not have any funds from either his employment or his illegal activities. Defendant has a history of residence in the Rutherford County community and graduated from high school in Rutherford county. Since graduation from high school, defendant has, for the majority of his life resided in either Florida or California. The defendant does not have a history relating to drug or alcohol abuse. Defendant's criminal history consist of a conviction for mail fraud in the Eastern District of California. On September 6, 2000, defendant received a sentence of 56 months of active imprisonment followed by 36 months of supervised release.

It does not appear defendant has ever failed to appear at any type of court proceeding.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release for his conviction for mail fraud in the Eastern District of California during the period of time he

was committing the same offenses again in the Western District of North Carolina and also the Middle District of Florida as alleged in the bill of indictment.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The economic harm to the community can be a basis for dangerousness of the release of the defendant. US v Madoff, 586 F.Supp. 2d 240 (S.D.N.Y. 2009). The evidence shows that the defendant is skilled in earning the trust of elderly persons and he uses churches, Alzheimer's support groups and other such areas to come in contact with victims. Defendant has previously defrauded such persons in the Eastern District of California causing damage in excess of $2,700,000. Even though he was incarcerated and punished for this crime, the defendant, upon his release, began to participate in similar crimes again. This evidence shows defendant has a propensity to commit further economic crimes against trusting elderly victims. The undersigned finds such evidence shows by the standard of clear and convincing evidence that the release of the defendant would create a risk of economic harm and danger to the community.

The undersigned does find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The government has shown through government's exhibit #2 that the guideline range of punishment for the defendant is a term of imprisonment of 70-87 months. The defendant has had little if any contact with the Western District of North Carolina for the majority of his adult life. His sister has offered to act as his custodian and to allow the defendant to reside in a home she owns in Rutherford County, however, such a residence would not preclude defendant from being in contract with elderly victims nor would such a residence provide any assurance the defendant would not flee the jurisdiction of this court or even of the United States. The defendant has allegedly victimized elderly persons in an amount in excess of $775,000 during a period of three years, that being from June 2007 through July 2010. Defendant could thus have access to a large sum of money which would enable defendant to leave the jurisdiction of this court and the United States. Based upon the foregoing, the undersigned finds by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: November 3, 2010

Dennis L. Howell
United States Magistrate Judge